THOMAS BURGESS,                               )
                                              )
    Pro-se Plaintiff,                     )
                                              )
v.                                            )   No. 1:26-cv-00018-TRM-CHS
                                              )
                                              )   District Judge Travis R. McDonough
COVENANT LOGISTICS GROUP INC.,                )   Magistrate Judge Christopher H. Steger
                                              )
    Defendant.                            )

## ANSWER

Defendant Covenant Logistics Group, Inc., submits this Answer in response to Plaintiff's First Amended Complaint.[1]

### FIRST DEFENSE

The First Amended Complaint fails to state a claim or cause of action against Defendant upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered allegations of the First Amended Complaint, Defendant states:

1.    The allegations of Paragraph 1 do not warrant a response from Defendant. Said allegations attempt only to characterize the nature of Plaintiff's civil action. That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

2.    The allegations of Paragraph 2 are denied.

---

[1] Plaintiff applied for employment with Covenant Transport, Inc. (now doing business as Covenant Transport, LLC) – not "Covenant Transportation Group Inc." As such, this Answer is lodged on behalf of Covenant Transport, LLC ("Covenant Transport"), as well.

3. The allegations of Paragraph 3 do not warrant a response from Defendant. Said allegations attempt only to characterize the nature of Plaintiff's lawsuit. That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. The allegations of Paragraph 6 are admitted upon information and belief.

7. It is admitted and/or averred that Covenant Transport is a trucking company involved in the transportation of goods in the United States and is headquartered at 400 Birmingham Highway, Chattanooga, Tennessee 37419. To the extent inconsistent with the aforesaid admission and/or averment, the remaining allegations of Paragraph 7 are denied.

8. It is admitted and/or averred that Plaintiff filed the First Amended Complaint as a pro-se plaintiff. As to Plaintiff's training in the law, however, Defendant lacks knowledge or information sufficient to verify the accuracy of the same, and, as such, denies the allegation. To the extent that the remaining allegations of Paragraph 8 seek to aver a legal conclusion, the same are also denied.

9. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 9 and, as such, denies the same.

10. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 11 and, as such, denies the same.

12. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 12 and, as such, denies the same.

13. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 13 and, as such, denies the same.

14. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 14 and, as such, denies the same.

15. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 15 and, as such, denies the same.

16. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 16 and, as such, denies the same.

17. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 17 and, as such, denies the same.

18. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 18 and, as such, denies the same.

19. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 19 and, as such, denies the same.

20. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 20 and, as such, denies the same.

21. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 21 and, as such, denies the same.

22. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 22 and, as such, denies the same.

23. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 23 and, as such, denies the same.

24. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 24 and, as such, denies the same.

25. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 25 and, as such, denies the same.

26. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 26 and, as such, denies the same.

27. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 27 and, as such, denies the same.

28. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 28 and, as such, denies the same.

29. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 29 and, as such, denies the same.

30. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 30 and, as such, denies the same.

31. It is admitted and/or averred that Plaintiff applied for a driver position with Covenant Transport in June 2021. It is further admitted and/or averred that Exhibit A, as a written document, speaks for itself. To the extent inconsistent with these admissions and/or averments, however, the remaining allegations of Paragraph 31 are denied.

32. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 32 and, as such, denies the same.

33. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 33 and, as such, denies the same.

34. It is admitted and/or averred that Exhibit A, as a written document, speaks for itself.

35. The allegations of Paragraph 35 do not warrant a response from Defendant. Said allegations attempt only to characterize Plaintiff's argument intentions. That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

36. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 36.

37. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 37 and, as such, denies the same.

38. It is admitted and/or averred that Plaintiff applied for a driver position with Covenant Transport in January 2025. It is further admitted and/or averred that Exhibit B, as a written document, speaks for itself. To the extent inconsistent with these admissions and/or averments, however, the remaining allegations of Paragraph 38 are denied.

39. Defendant lacks knowledge or information sufficient to verify the accuracy of Plaintiff's sightings. The remaining allegations of Paragraph 39 are denied.

40. It is admitted and/or averred that Covenant Transport hires, and has continued to hire, drivers since January 2025. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. It is admitted and/or averred upon information that at the time of Plaintiff's application for employment with Covenant Transport in January 2025, Plaintiff represented that he was an experienced driver. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 42 are denied.

43. It is admitted and/or averred that Covenant Transport hires, and has continued to hire, drivers since January 2025. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 43 are denied.

44. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 44 and, as such, denies the same.

45. The allegations of Paragraph 45 do not warrant a response from Defendant. Said allegations attempt only to characterize Plaintiff's actions before the U.S. Equal Employment Opportunity Commission ("EEOC"). That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

46. It is admitted and/or averred that Exhibit C, as a written document, speaks for itself. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 46 are denied.

47. The allegations of Paragraph 47 are denied.

48. Defendant lacks knowledge or information sufficient to verify the accuracy of Plaintiff's race. To the extent not inconsistent with this response, however, the remaining allegations of Paragraph 48 are admitted.

49. The allegations of Paragraph 49 are denied.

50. It is admitted upon information and belief that the zip code for Plaintiff's residence is 33407. As to the remaining allegations in Paragraph 50, however, Defendant lacks knowledge or information sufficient to verify the accuracy of the same, and, as such, denies those allegations.

51. The allegations of Paragraph 51 are denied.

52. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 52 and, as such, denies the same.

53. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 53 and, as such, denies the same.

54. To the extent that the allegations of Paragraph 54 seek to aver a legal conclusion, the same are denied.

55. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 55 and, as such, denies the same.

56. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 56 and, as such, denies the same.

57. It is admitted and/or averred that Exhibit D, as a written document, speaks for itself. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 57 are denied.

58. To the extent that the allegations of Paragraph 58 seek to aver a legal conclusion, the same are denied.

59. To the extent that the allegations of Paragraph 59 seek to aver a legal conclusion, the same are denied.

60. The allegations of Paragraph 60 are denied.

61. To the extent that the allegations of Paragraph 61 seek to aver a legal conclusion, the same are denied.

62. The allegations of Paragraph 62 do not warrant a response from Defendant. Said allegations attempt only to characterize Plaintiff's trial intentions. That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

63. It is admitted and/or averred that Covenant Logistics Group, Inc. is a "parent" entity under which subsidiary entities operate. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 63 are denied.

64. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 64 and, as such, denies the same.

65. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 65 and, as such, denies the same.

66. It is admitted and/or averred that Plaintiff identified an address in West Palm Beach as his residence. As to the remaining allegations in Paragraph 66, however, Defendant lacks

knowledge or information sufficient to verify the accuracy of the same, and, as such denies those allegations.

67. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 67 and, as such, denies the same.

68. The allegations of Paragraph 68 are denied.

69. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 69 and, as such, denies the same.

70. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 70 and, as such, denies the same.

71. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 71 and, as such, denies the same.

72. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 72 and, as such, denies the same.

73. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 73 and, as such, denies the same.

74. The allegation of Paragraph 74 are denied, as Defendant does not harbor the "hope" attributed to it.

75. Defendant lacks knowledge or information sufficient to verify the accuracy of the allegations of Paragraph 75 and, as such, denies the same.

76. It is admitted and/or averred that Defendant made the decision to refrain from further considering Plaintiff's application for employment. To the extent inconsistent with this admission and/or averment, however, the remaining allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are denied.

78.     The allegations of mis-numbered Paragraph 76 do not warrant a response from Defendant.  Said allegations attempt only to characterize Plaintiff's jury demand.  That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

79.     The allegations of mis-numbered Paragraph 77 do not warrant a response from Defendant.  Said allegations attempt only to characterize Plaintiff's jury demand.  That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff or that a "white jury" cannot be fair, is specifically denied.

80.     The allegations of mis-numbered Paragraph 78 do not warrant a response from Defendant.  Said allegations attempt only to characterize Plaintiff's prayer for relief.  That said, any inference within those allegations, including, but not limited to, subparagraphs (a) through (f), suggesting that Defendant is liable to Plaintiff, is specifically denied.

81.     Unless otherwise specifically admitted above, Defendant denies all allegations of the First Amended Complaint.

THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or limitations period.

FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies.

FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages, if any.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the existence of a legitimate, nondiscriminatory basis for Defendant's decision to refrain from further considering Plaintiff's application for employment.

## SEVENTH DEFENSE

Alternatively, if the basis for Defendant's decision to refrain from further considering Plaintiff's application for employment was unlawfully discriminatory (which it was not), Plaintiff would not have been hired in any event.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## NINETH DEFENSE

Defendant preserves its right to amend this Answer to include any additional avoidance, affirmative defense, or defense to which it may be entitled under the Federal Rules of Civil Procedure and that may be further revealed during the discovery of this case.

WHEREFORE, Defendant respectfully requests that the First Amended Complaint be dismissed, with costs, attorney fees, and such other and further relief as this Court deems just and proper issued in Defendant's favor.

Respectfully submitted,

MILLER & MARTIN PLLC


By:   */s/ John R. Bode*
      John R. Bode (BPR No. 11415)
      Jessica Malloy-Thorpe (BPR No. 35234)

Suite 1200, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
john.bode@millermartin.com
jessica.malloy-thorpe@millermartin.com

*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

Thomas Burgess
1860 North Tamarind Ave.
Apt. # 3
West Palm Beach, FL 33407
thomasb33407@outlook.com
bobo33407@gmail.com

By: */s/ John R. Bode*
JOHN R. BODE